UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE ROSARIO OQUENDO,

    Petitioner,

-vs-                                        Case No. 6:11-cv-990-Orl-28KRS
                                        (Criminal Case No.: 6:08-cr-228-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

The Eleventh Circuit Court of Appeals entered an order vacating this Court's denial of the Rule 60(b)(1) motion filed by Petitioner Jose Rosario Oquendo and remanding the case to allow this Court "to apply the correct standard in the first instance." *See* Doc. No. 31 at 7.

Oquendo filed a motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. No. 1) pursuant to 28 U.S.C. § 2255 on June 14, 2011. The Government filed its opposition to Oquendo's section 2255 motion (Doc. No. 8), and United States Magistrate Judge Spaulding entered an Order on May 1, 2012 (Doc. No. 12), allowing Oquendo an opportunity to file a reply to the Government's response. The Order was sent to Oquendo's listed address at a facility in Puerto Rico, but it was returned as undeliverable. Magistrate Judge Spaulding then issued an order to show cause on May

16, 2012 (Doc. No. 13) why the action should not be dismissed in light of Oquendo's failure to keep his address current; however, it too was returned as undeliverable.

On June 1, 2012, the Court entered an Order dismissing Oquendo's section 2255 motion for failing to keep the Court apprised of his address (Doc. No. 14). On June 29, 2012, Oquendo filed Motion for Relief from Order Dismissing Without Prejudice Defendant's 28 U.S.C. § 2255 Motion Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 16). The Court entered an Order denying the motion on July 3, 2012 (Doc. No. 19).

Oquendo stated in the Rule 60(b) motion that the Court's Orders were returned as undeliverable because he was in "transfer" starting May 8, 2012. *See* Doc. No. 18 at 1. He mentioned that he failed to update his address because he decided to wait until he reached his final destination in Otisville, New York. *Id.* at 2. Oquendo eventually sought assistance of a library law clerk, who explained to him that the Court had dismissed his section 2255 motion. *Id.*

Federal Rule of Civil Procedure 60(b) permits reconsideration of a district court order or judgment based on limited circumstances, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud, misrepresentation, or misconduct by an opposing party. Oquendo mentions these three bases in his request for relief. However, he fails to provide specific allegations or otherwise demonstrate relief under Rule 60(b)(2) or (3). In particular, Oquendo does not identify any newly discovered evidence or fraud, misrepresentation, or misconduct by the Government.

2

His allegations under Rule 60(b)(1) involve excusable neglect. The Court must consider several factors: the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Walter v. Blue Cross & Blue Shield United of Wisconsin*, 181 F.3d 1198, 1201 (11th Cir. 1999). Here, Oquendo's failure to inform the Court of his new address did not cause any delay in litigation, and there was no resulting prejudice to the Government. Moreover, the delay was caused by Oquendo being moved between different prison facilities during the relevant time-period, and he acted with diligence once he reached his final destination. As a result, the Court finds that Oquendo has demonstrated excusable neglect.

Accordingly, it is **ORDERED** as follows:

1. Oquendo's Motion for Relief from Order Dismissing Without Prejudice Defendant's 28 U.S.C. § 2255 Motion Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 16) is **GRANTED**.

2. The Order of Dismissal (Doc. No. 14) and corresponding Judgement (Doc. No. 15) are hereby **VACATED**.

3. The Clerk of the Court is directed to reopen this case.

4. Oquendo shall have forty-five (45) days from the date of this Order to file a supplemental reply in compliance with the Court's Order of May 1, 2012 (Doc. No.

12).

DONE AND ORDERED in Chambers at Orlando, Florida, this 31 day of October, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 10/31
Jose Rosario Oquendo
Counsel of Record
Eleventh Circuit Court of Appeals